CHAMBER OF COMMERCE OF the UNITED STATES of America, et al., Appellants,

v.

FEDERAL ELECTION COMMISSION, Appellee.

No. 94–5339.

United States Court of Appeals, District of Columbia Circuit.

March 1, 1996.

---

Lawrence M. Noble, General Counsel, Federal Election Commission, Stephen E. Hershkowitz, Assistant General Counsel, and Richard B. Bader, Associate General Counsel, Washington, DC, filed a Petition for Rehearing and Suggestion for Rehearing En Banc, on behalf of Appellee.

Carter G. Phillips, Michael A. Nemeroff, Washington, DC, Jack R. Bierig, Chicago, IL, Stephen A. Bokat, and Judith K. Richmond, Washington, DC, filed a Response to Petition for Rehearing and Suggestion for Rehearing En Banc, on behalf of Appellants.

Before: SILBERMAN, SENTELLE, and HENDERSON, Circuit Judges.

Addendum to the Opinion for the Court filed by Circuit Judge SILBERMAN.

SILBERMAN, Circuit Judge:

■ The Commission's primary contention in its petition for rehearing is that we erroneously declined to defer to the Commission's interpretation of the statutory term "member" under *Chevron.* We did not do so because we perceived serious constitutional problems with the Commission's interpretation and we thought its interpretation was inconsistent with the Supreme Court's reading of the statute in *NRWC. FEC v. National Right to Work Comm.,* 459 U.S. 197, 103 S.Ct. 552, 74 L.Ed.2d 364 (1982). Although, as we noted, the Commission still has a good deal of latitude in interpreting that term, it is by no means clear—even without the constitutional problems—that it is entitled to full *Chevron* deference after the Supreme Court put its gloss on the statutory language in a pre-*Chevron* case. *See, e.g., Maislin Indus., U.S., Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990). But, in any event, we are unpersuaded by the Commission's argument.

■ We also said that we "would" hold the Commission's rule arbitrary and capricious—if we determined it was authorized by the statute—because it inexplicably excluded certain labor unions and farm and rural electric cooperatives from its membership requirements. We did not expressly determine the issue because petitioners had not squarely raised that argument. Upon review of the briefs, however, we see that although petitioners did not use the phrase "arbitrary and capricious," they argued that if we reached the second step of *Chevron,* we should hold that the Commission's construction of the statute was unreasonable, in part because of those exemptions. Petitioners also claimed that the Commission's treatment of certain unions undermined the rule's rationale. We have previously recognized that analytically our inquiry at the second step of *Chevron, i.e.,* whether an ambiguous statute has been interpreted reasonably, overlaps with the arbitrary and capricious standard. *See National Ass'n of Regulatory Utility Comm'rs v. ICC,* 41 F.3d 721, 726–27 (D.C.Cir.1994). In this case we think petitioners' alternative argument was mislabeled; it was actually a claim that the Commission unreasonably *applied* the authority which the Commission claims it had under the statute. That is, of course, a garden variety APA arbitrary and capricious claim, and we should treat it as

**1236**

such. *See Arent v. Shalala,* 70 F.3d 610, 615 & n. 4 (D.C.Cir.1995) (analyzing the case as an APA challenge even though the parties "look[ed] primarily to *Chevron* for the appropriate analytical framework"). The Commission treats our discussion on this point as "dicta" and declines to respond at all in its petition for rehearing. That accords with its failure to respond to petitioners' concerns on this issue in petitioners' original briefs. But the issue cannot be so easily dodged. Since petitioners made the argument, although arguably in the wrong terminology, we think it is appropriate to make clear that the arbitrary and capricious determination is, as petitioners read it, an alternative holding in our opinion.